FILED
3/12/2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED JAN 30 2012 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT 1-30-12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN H. VAN STEDUM

   Plaintiff,

v.

PARKWAY CLUB

   Defendant.

Case No.

CIVIL COMPLAINT

JURY TRIAL DEMANDED
F.R.C.P. 38(b)

12-cv-00646
Judge John W. Darrah
Magistrate Judge Young B. Kim

John H. Van Stedum Plaintiff Pro Se
606 E. Morrell St. #206
Streator, ILL 61364
312-212-3785

## COMPLAINT

JOHN H. VAN STEDUM, (hereinafter referred to as "Plaintiff"), files his cause of action against Defendant, "PARKWAY CLUB" and would show unto the court the following:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction of this civil action pursuant to 28 USC §1331, 28 USC §1343(a)(3), and §1343(a)(4) for claims arising under the Americans with Disabilities Act of 1990, 42 USC §12101 et seq.

2. Venue is proper pursuant to 28 USC §1391(b) and (c).

COMPLAINT

-1-

## THE PARTIES

3. Defendant "PARKWAY CLUB" is, and at all times mentioned herein was, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of Illinois. "PARKWAY CLUB" is located at 121 N. Park St. Streator 61364, IL. Plaintiff is informed and believes and thereon alleges that Defendant "PARKWAY CLUB" is, and at all times mentioned herein was, the owner, lessor or lessee of the subject property and/or the owner and/or operator of the public accommodation located at the subject property.

4. Plaintiff is ignorant of the true name and capacity of Defendant sued herein as "PARKWAY CLUB" and therefore sues Defendant by this fictitious name. Plaintiff will pray leave of the court to amend this complaint to allege the true name and capacity when ascertained.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant was, at all times relevant to this action, the owner, franchisee, lessee, general partner, limited partner, agent, employee, employer, representing partner, subsidiary, parent company, joint venture and/or division of each and any remaining Defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that Defendant herein gave consent to, ratified, and/or authorized the acts alleged herein of any and each of the remaining Defendants.

COMPLAINT

6. Plaintiff is an otherwise qualified disabled individual as provided in the Americans With Disabilities Act, 42 USC §12102, and other statutory measures which refer to the protection of the rights of "physically disabled persons." Plaintiff visited the public accommodations owned and operated by Defendant for the purpose of availing himself of the goods, services, facilities, privileges, advantages, or accommodations operated and/or owned by by the Defendant.

## THE FACTS

7. Plaintiff has a mobility impairment and uses a wheelchair. Moreover, Plaintiff has had a history of, or has been classified as, having a physical impairment, as required by 42 USC 12102 (2) (a).

8. On or about September 3, 2011, Plaintiff was denied equal access to the facilities known as "PARKWAY CLUB" located at 121 N. Park Street, Streator, IL, 61364 which are owned and/or operated by the Defendant, because the property was inaccessible to members of the disabled community who use wheelchairs for mobility. Plaintiff was denied full and equal access to portions of the property because of barriers which included, but are not limited to, inaccessible service counter, inaccessible dining facilities, inaccessible restroom facilities, absence of internal and external signage, insufficient number of disabled parking spaces, no access aisles, no ramps, no accommodation for disabled vans as well as lack of proper signage for such spaces. Plaintiff was also

COMPLAINT

denied full and equal access because of discriminatory policies and practices regarding accommodating people with disabilities.

9. The lack of accessible facilities was degrading, humiliating, dangerous and illegal. As a result of Defendant's failure to remove architectural barriers Plaintiff suffered injuries.

10. The wrongful conduct of the Defendant unless and until enjoined by order of this Court, will cause great and irreparable injury to Plaintiff in that Defendant's failure to provide full and equal access to individuals with disabilities, including Plaintiff, denies Plaintiff access to and use of, the subject facility in violation of the Americans With Disabilities Act and/or applicable Codes, Statutes and/or Regulations of the United States or the State of Illinois.

11. Defendant's failure to fulfill Defendant's duties to provide full and equal access to the subject facilities by people with disabilities has caused Plaintiff to suffer deprivation of his civil rights, as well as other injuries.

12. Plaintiff alleges that Defendant will continue to operate a public accommodation which is inaccessible to him and to other individuals with disabilities. Pursuant to 42 USC 12188 (a), Defendant is required to remove architectural barriers to their existing facilities.

13. Plaintiff has no adequate remedy at law for the injuries currently being suffered in that money damages will not adequately

COMPLAINT

compensate him for the amount of harm suffered as a result of exclusion from participation in the economic and social life of the community.

14. Plaintiff believes that the architectural barriers precluding him fully equal access of the public accommodations will continue to exist, that his future visits will result in future discrimination of Plaintiff, in violation of the Americans With Disabilities Act. Plaintiff is currently being subjected to discrimination because Plaintiff cannot return to or make use of the facilities, goods and/or services offered by Defendant to the general public. Plaintiff seeks remedies for each and every day that he was denied access to the subject property or was deterred from attempting to attend the subject place of public accommodation because of continuing barriers to full and equal access.

## First Claim For Violation Of Americans With Disabilities Act, 42 USC 12101, et seq.

15. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 14, inclusive, as though set forth fully herein.

16. Plaintiff was denied full and equal access to Defendant's goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and or operated by Defendant, in violation of 42 USC 12180(a). Plaintiff was, therefore, subjected to discrimination and is entitled to injunctive relief pursuant to 42 USC 12188 as a result of the actions or inaction of the Defendant.

COMPLAINT

17. Among other remedies, Plaintiff seeks an injunctive order requiring compliance with Federal access laws for all access violations which exist at the subject property, requiring removal of architectural barriers and other relief the Court deems proper.

18. Plaintiff also seeks any other order that will redress the discrimination to which he has been subjected, is being subjected and/or will be subjected.

### SECOND CLAIM FOR NEGLIGENCE PER SE

19. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 18, inclusive as though set forth fully herein.

20. At all times relevant hereto, there was in effect the Americans with Disabilities Act of 1990 and the Illinois Health and Safety Code, both of which require public accommodations and facilities to provide services to people with disabilities which are equal to, and are not inferior to, the services provided to patrons who are not physically disabled.

21. Defendant owed Plaintiff a mandatory statutory duty to provide him full and equal access to accommodations, advantages,

COMPLAINT

facilities, privileges and service of all business establishments. Plaintiff is a member of the class which these statutes are designed to protect.

22. Defendant's acts or omissions alleged herein are a violation of statutory requirements including, but not limited to, the Americans with Disabilities Act, Illinois Health and Safety Code, and public policy, and therefore constitute negligence per se.

23. As a proximate result of the action or inaction of Defendant, Plaintiff suffered the harm these statutes are designed to prevent, to wit, exclusion from and/or unequal access to goods, services and facilities provided by Defendant to the general public as well as other injuries.

### THIRD CLAIM FOR DECLARATORY RELIEF

24. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23 inclusive, as though set forth fully herein.

25. An actual controversy now exists in that Plaintiff is informed and believes and thereon alleges that Defendant's premises are in violation of Title III of the Americans with Disabilities Act.

26. A declaratory judgment is necessary and appropriate at this time so that each of the parties may know their respective rights and duties and act accordingly.

COMPLAINT

## FOURTH CLAIM FOR INJUNCTIVE RELIEF

27. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 26, inclusive as though set forth fully herein.

28. Plaintiff will suffer irreparable harm unless Defendant is ordered to remove architectural barriers at Defendant's public accommodation, and/or to modify their policies and practices regarding accommodating people with disabilities. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.

29. Plaintiff seeks injunctive relief to redress his injuries.

## JURY DEMAND

30. Pursuant to rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial.

31. Wherefore, Plaintiff prays for judgment against the Defendant PARKWAY CLUB as follows:

1. An order enjoining Defendant from violating disabled access laws of the United States and the State of Illinois.

COMPLAINT

-8-

2. That the court declare the respective rights and duties of the Plaintiff and Defendant as to the removal of architectural barriers at Defendant's public accommodation.

3. An order awarding Plaintiff reasonable attorney's fees and costs.

4. Such other and further relief as the Court deems proper.

Date: Jan. 17, 2012

*[signature]*

John H. Van Stedum
606 E. Morrell St. #206
Streator, IL 61364
312-212-3785

COMPLAINT

-9-